In re Justo A. Casablanca, Petitioner.

No. 25. Argued January 28, 1932.—Decided February 26, 1932.

*A. Martínez Dávila* for petitioner.

Mr. Justice Aldrey delivered the opinion of the Court.

Attorney Justo A. Casablanca has petitioned this Court to admit him to the practice of his profession. He obtained his diploma as an attorney in 1919, but after several attempts we refused to admit him to the practice of law by an order of November 15, 1921, because he had committed two serious offenses, although after he had served the sentences imposed on him the Governor of this Island pardoned him and he was restored to his civil and political rights, and although the Committee on Character reported that he could be admitted. 30 P.R.R. 368. Afterwards and on several occasions he has made the same petition as now, but without success. Lastly, on December 16, 1931, he filed a similar application and we set a day for a public hearing of his evidence. There appeared at the hearing the practicing attor-

neys, Juan B. Huyke, Rodolfo Ramírez Pabón, and Federico Pérez Almiroty, who is an Assistant Attorney General of this Island, as well as Dr. Eugenio Fernández García and Mr. Enrique Adsuar, who testified under oath to the good conduct observed by the petitioner subsequent to the time when he was denied admission to the practice of law and stated that they consider him worthy of entering into the practice as an attorney. There were also presented to the same effect an affidavit taken before a notary by the Municipal Judge of Bayamón and another affidavit of the Chief of Police of Río Piedras. In another writing subscribed by forty-six attorneys similar statements are made.

We are sure that we did our duty in 1921, when we refused to admit the petitioner as an attorney, in view of the offenses committed by him and of the grave responsibilities and privileges which the practice of the law carries with it. It is so acknowledged now by the petitioner. But in our former decision, *supra,* we said:

"We do not mean to say that Casablanca is forever barred from the profession. Perhaps by repeated acts showing a permanent reformation he may satisfy this same court that he is qualified to be a member of the bar."

Therefore, the only issue before us now is whether the subsequent conduct of the petitioner is of such a nature as to justify our granting his application, as was done by us in *In re Torregrosa,* 34 P.R.R. 301, and *In re Figueroa,* 38 P.R.R. 858.

In view of the numerous attorneys who vouch for the present good conduct of the petitioner and who recommend his admission, and in view also of the other persons who have expressed themselves similarly, we have no objection to acknowledge that petitioner Justo A. Casablanca is now fit by reason of his conduct to honorably discharge the duties imposed on him by his diploma as an attorney, and therefore his application should be granted.